Marguerite WESTER, Connie Edlen and Georgia Jones, Plaintiffs-Appellees,

v.

John W. CHILDRESS, III, Barbara Childress Johnson, Charles Childress and Michael Childress, Defendants-Appellants.

Supreme Court of Tennessee.

Dec. 21, 1981.

Carlton H. Petway, Nashville, for defendants-appellants.

Graham B. Boyce, Nashville, for plaintiffs-appellees.

OPINION

DROWOTA, Justice.

The sole issue on appeal is whether Tennessee Rule of Civil Procedure 53.04(1), which requires notice of the filing of a Master's report to be sent to all parties by the clerk, contemplates that when a party is represented by an attorney, then service shall be made upon the attorney.

Plaintiffs-appellees filed a complaint asking that certain properties be sold for partition and the proceeds be divided between the parties. Plaintiffs, Marguerite Wester, Connie Edlen and Georgia Jones, are each the owners of a one-fourth undivided interest in the property. The defendants-appellants, John W. Childress, III, Barbara Childress Johnson, Charles Childress and Michael Childress, are non-residents of the State and each own a one-sixteenth undivided interest in the property.

The record reflects that the defendants each answered the complaint *in personam.* However, in response to an order of reference to the Clerk and Master, Carlton H. Petway, as counsel for the defendant John W. Childress, III, filed a submission of proof with the Clerk and Master on January 18, 1980. A copy of this instrument was sent to counsel for plaintiffs, Graham B. Boyce.

On February 19, 1980, the report of the Master was filed and copies were sent to Graham B. Boyce, plaintiffs' attorney, and to the defendants, John W. Childress, III, Barbara Childress Johnson, Charles Childress and Michael Childress. No copy of the report was sent to Carlton H. Petway.

On February 29, the Chancellor heard plaintiffs' motion to confirm the report of the Master. At that time no written objections had been filed. On March 10, an order confirming the report of the Master and ordering distribution of the proceeds of sale was entered. On March 26, a motion was filed by Carlton Petway, as counsel for the defendants, to set aside the order of March 10. In this motion counsel also objected to portions of the report. Defendants' counsel stated in his motion and in

oral argument on the motion that he was not notified of the filing of the Master's report within the time allowed for filing exceptions to such reports.[1]

In ruling on defendants' motion to set aside the order confirming the Master's report, the Chancellor found "that copies [of the Master's report] was sent to counsel for the plaintiffs and to each of the defendants. It is not shown that notice of the filing of said report was given to counsel for the defendants." The Chancellor concluded by holding that:

Tennessee Rules of Civil Procedure 53.-04(1) provides, among other things, that the Clerk shall forthwith mail to all parties notice of the filing of the report of a Master. *No provision is found whereby it is also required that such notice be given to counsel.*

The Court does not have before it any evidence to contradict the showing on the Master's report that copies were furnished to each of the defendants.

It is the conclusion and opinion of the Court that the motion to set aside the order confirming the report should be denied. (emphasis added)

The Court of Appeals concurred with the findings of the Chancellor holding "that the action of the Clerk and Master in sending copies to all defendants was a sufficient compliance with the Rule."

Rule 53.04(1) states in pertinent part that "[t]he master shall prepare a report upon the matters submitted to him by the order of reference . . ." and "shall file the report with the clerk of the court . . . The clerk shall forthwith mail to all parties notice of the filing."

What the Chancellor, the Court of Appeals and counsel have overlooked is that T.R.C.P. 5.01 and 5.02 control the service of written notice. Rule 5.01 states that every written notice shall be served upon each of the parties affected thereby. Rule 5.02 states that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney . . . Service upon the attorney or upon a party shall be made by . . . mailing it to him at his last known address."

The Chancellor was in error when he stated that "[n]o provision is found whereby it is also required that such notice be given to counsel." Rule 5.02 requires service upon counsel, when a party is represented by counsel. It is clear from the record that Carlton Petway represented John W. Childress, III, and was therefor entitled to notice, which he failed to receive.

To interpret Rule 53.04(1) as requiring notice only to the parties and not their attorney, as plaintiffs insist, would place upon the client the burden of taking action on his own behalf after having retained counsel to represent his interests. Such is not the intent of the Rules, for counsel could not effectively represent his client without receiving the proper notice as required in Rule 5.02. In this case three defendants resided in California and one in Michigan. They, in all probability, would not know that Rule 53.04(2) gives them only ten days within which to file written objections. To place such a responsibility on clients who have retained counsel, as the Chancellor's findings have done, is inconsistent with Rule 5.02.

The decision of the Chancellor and the Court of Appeals is reversed and this cause is remanded to the Chancery Court of Davidson County for consideration of the objections filed to the Master's report.

Reversed and remanded.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.

---

1. T.R.C.P. 53.04(2) allows a party ten days after being served with notice of the filing of the report within which to file written objections.